1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    DENISE BYERS,                              Case No.  24-cv-00899-EJD (SVK)
8                    Plaintiff,
                                                **ORDER RE DISCOVERY DISPUTE**
9           v.
                                                Re: Dkt. No. 42
10   AERA TECHNOLOGY, INC.,
11                  Defendant.

12          Before the Court is the Parties' Joint Submission regarding Plaintiff's Request for

13   Production no. 5, which seeks "All Zoom recordings and Zoom chat files from all weekly All

14   Hands meetings from April 2018 to December 2022." Dkt. 42 ("Joint Statement") at 2.

15   Defendant objects to the request as overly burdensome and not proportional to the needs of the

16   case. *Id.* at 4-5. The Court has reviewed the public docket, the Parties' arguments and the

17   relevant law and determines this matter may be resolved without oral argument. Civ. L.R. 7(b)-1.

18          Plaintiff's claims of discrimination and retaliation are founded upon allegations that

19   Defendant favored a "Young, Male Workplace Culture." Dkt. 1 ("Complaint") at 7. In support of

20   these allegations, Plaintiff specifically identifies behavior and language employed in the weekly

21   all-hands meetings. *Id.* at 8, ¶ 29. The Parties do not dispute that these meetings took place via

22   Zoom and were recorded. In light of Plaintiff's allegations in the complaint, the request for the

23   recordings of and chats files from these meetings seeks relevant information.

24          The issue is one of proportionality. Defendant's characterization of the meetings as

25   "presentations of information via video to hundreds of participants," (Joint Statement at 5), does

26   not impact the proportionality of the request. Defendant complains that Plaintiff seeks recordings

27   of *all* of the weekly all-hands meetings, likening RFP no. 5 to a request for "all email." *Id.*

28   However, that comparison does not hold up. RFP no. 5 is not directed to all meetings; it is

United States District Court
Northern District of California

United States District Court
Northern District of California

1   directed to a specific set of meetings in which Plaintiff participated.  Dkt. 42-1.  The allegations in

2   the Complaint paint a picture of a workplace with pervasive discriminatory attitudes; a vehicle for

3   those attitudes, according to the Complaint, is the weekly all-hands meeting.  Defendant does not

4   suggest that the audio/video files of the meetings do not exist.  To the contrary, Defendant

5   complains of the burden of reviewing the files.[1]  Defendant's complaint supports the conclusion

6   that there is a discreet set of files responsive to RFP no. 5.  Defendant's proffer of the use of

7   search terms is inadequate in light of the pervasive nature of the alleged discrimination

8   demonstrated at the weekly all-hands meetings.  Finally, Defendant's legitimate concern regarding

9   the distribution of sensitive business information is appropriately addressed by the Protective

10  Order already in place.  Dkt. 36.

11          For all of the foregoing reasons, the Court **ORDERS** as follows:  disputed RFP no. 5 seeks

12  relevant information in proportion with the needs of the litigation, and the recordings of the

13  meetings, including chat files, will be produced **no later than May 2nd, 2025**.

14

15          **SO ORDERED.**

16  Dated: April 11, 2025

17

18  SUSAN VAN KEULEN
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

---

[1] Defendant's complaint of time needed to review the recordings before producing them is not well taken in this context.  The only viable reason to withhold production is privilege, which Defendant does not suggest exists here, nor could it given the broadcast nature of the meetings.